JULIET Y. OH (State Bar No. 211414)
jyo@lnbyb.com
LINDSEY L. SMITH (State Bar No. 265401)
lls@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Proposed Attorneys for Plaintiff
Todd A. Frealy, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>MIGUEL ANGEL PUENTE BECERRA,<br><br>Debtor.<br><hr>TODD A. FREALY, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>MILENA E. PUENTE AND JUAN GUZMAN,<br><br>Defendants. | Case No. 6:16-bk-15624-SC<br><br>Chapter 7<br><br>Adv. No. 6:16-ap-_____-SC<br><br>**COMPLAINT FOR:**<br><br>**(1) AVOIDANCE OF FRAUDULENT TRANSFER;**<br>**(2) RECOVERY OF AVOIDED TRANSFER; AND**<br>**(3) TURNOVER OF PROPERTY**<br><br>**[11 U.S.C. § 542, 548, and 550]**<br><br>Date: [TO BE SET BY SUMMONS]<br>Time:<br>Place: Video Hearing Room 126<br>      3420 Twelfth Street<br>      Riverside, CA 92501 |

Plaintiff Todd A. Frealy, Chapter 7 Trustee (the "Plaintiff" or "Trustee") for the bankruptcy estate of *In re Miguel Angel Puente Becerra* avers and complains, by way of this Complaint, as follows:

1

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and 11 U.S.C. §§ 542, 548, and 550 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 266, dated October 9, 1984.

2.   This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O).

3.   Venue is proper in this Court under 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

**PARTIES**

4.   On June 24, 2016 (the "Petition Date"), Miguel Angel Puente Becerra (the "Debtor") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code.

5.   Thereafter, Plaintiff Todd A. Frealy, being duly-qualified, was appointed and presently is the acting Chapter 7 Trustee of the Debtor's bankruptcy estate.

6.   Plaintiff is informed and believes and based thereon alleges that defendant Milena E. Puente ("Milena") is an individual residing in San Bernardino County, California and is subject to the jurisdiction of this Court.

7.   Plaintiff is informed and believes and based thereon alleges that defendant Juan Guzman ("Juan" together with Milena, the "Defendants") is an individual residing in San Bernardino County, California and is subject to the jurisdiction of this Court.

**GENERAL ALLEGATIONS**

8.   Plaintiff is informed and believes and based thereon alleges that prior to the Petition Date, on or about June 24, 2011, the Debtor became the owner of the real property located at 14389 Huntridge Drive, Victorville, California 92394 (the "Property"). The Debtor

took title to the Property as "a married man as his sole and separate property" via Grant Deed recorded in the San Bernardino County Recorder's Office as Inst. No. 2011-0256417. A true and correct copy of the Grant Deed evidencing the foregoing transfer of the Property to the Debtor is attached hereto at **Exhibit "A"** and is incorporated herein by reference.

9. Plaintiff is informed and believes and based thereon alleges that on or about November 21, 2014, the Debtor transferred his interest in the Property to "Milena E. Puente, a single woman, as her sole and separate property" via Grant Deed recorded in the San Bernardino County Recorder's Office as Inst. No. 2014-0447576 (the "Transfer"). A true and correct copy of the Grant Deed evidencing the Transfer is attached hereto as **Exhibit "B"** and is incorporated herein by reference.

10. Plaintiff is informed and believes, and based thereon alleges that the Transfer was a transfer of an interest of the Debtor in property.

11. Plaintiff is informed and believes and based thereon alleges that Milena is the Debtor's daughter.

12. Plaintiff is informed and believes and based thereon alleges the Transfer was made for no consideration because at the Debtor's Section 341(a) meeting of creditors held on July 26, 2016, the Debtor testified under penalty of perjury that he did not receive any consideration in exchange for the Transfer.

13. Plaintiff is informed and believes and based thereon alleges that on or about May 28, 2015, Milena transferred her interest in the Property to "Milena E. Puente a Single Woman and Juan P. Guzman a Single Man As Joint Tenants" via Grant Deed recorded in the San Bernardino County Recorder's Office as Inst. No. 2015-0220065. A true and correct copy of the Grant Deed evidencing the foregoing transfer is attached hereto as **Exhibit "C"** and is incorporated herein by reference.

14. Plaintiff is informed and believes and based thereon alleges that Milena's transfer of the Property to herself and Juan as joint tenants was also made for no consideration.

3

15. According to the Debtor's Schedule F, the Debtor had significant debts at the time of the Transfer.

16. The Debtor did not disclose the Transfer on his Statement of Financial Affairs filed in connection with his bankruptcy case.

## FIRST CLAIM FOR RELIEF

### (To Avoid Fraudulent Transfer - 11 U.S.C. § 548(a)(1)(A) and 550(a))

### (Against Milena)

17. Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 16 of this Complaint as if set forth in full herein.

18. Plaintiff is informed and believes, and based thereon alleges that the Transfer was made within two years before the Petition Date.

19. Plaintiff is informed and believes, and based thereon alleges that the Transfer was made by the Debtor with the actual intent to hinder, delay or defraud any entity to which the Debtor was or became, on or after the date that the Transfer was made, indebted.

20. Plaintiff is informed and believes and based thereon alleges that the following factors with respect to the Transfer show the fraudulent intent of the Debtor:

    a. The Transfer was made to an insider.

    b. The Transfer was concealed.

    c. The Debtor testified under oath that he did not receive consideration in exchange for the Transfer.

    d. The Debtor testified under oath that the Transfer was made to his daughter because he was elderly.

    e. The Debtor was insolvent or became insolvent shortly after the Transfer in that the sum of the Debtor's debts exceeded all of the Debtor's nonexempt assets.

21. The Transfer constitutes a fraudulent transfer under 11 U.S.C. § 548 and therefore is avoidable by Plaintiff.

## SECOND CLAIM FOR RELIEF

### (To Avoid Fraudulent Transfer - 11 U.S.C. § 548(a)(1)(B) and 550(a))

### (Against Milena)

22. Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 22 of this Complaint as if set forth in full herein.

23. Plaintiff is informed and believes, and based thereon alleges that the Debtor received less than reasonably equivalent value in exchange for the Transfer as the Debtor did not receive any consideration for the Transfer.

24. Plaintiff is informed and believes, and based thereon alleges that by virtue of the Transfer, the Debtor was insolvent or became insolvent as a result of such transfer in that the sum of the Debtor's debts exceeded all of the Debtor's nonexempt assets.

25. Plaintiff is informed and believes, and based thereon alleges that by virtue of the Transfer, the Debtor was engaged in or was about to engage in a business or a transaction for which any property remaining with the Debtor was an unreasonably small capital.

26. Plaintiff is informed and believes, and based thereon alleges that by virtue of the Transfer, the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

27. Plaintiff is informed and believes, and based thereon alleges that by virtue of the Transfer, the Debtor made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

28. The Transfer constitutes a fraudulent transfer under 11 U.S.C. § 548 and therefore is avoidable by Plaintiff.

///

///

///

### THIRD CLAIM FOR RELIEF

### (To Recover Avoided Transfer - 11 U.S.C. § 550)

### (Against All Defendants)

29. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1 through 28 of this Complaint as if set forth in full herein.

30. Plaintiff is informed and believes, and based thereon alleges that Milena was the initial transferee of the Transfer.

31. Plaintiff is informed and believes, and based thereon alleges that Milena and Juan were the immediate transferees of Milena, the initial transferee of the Transfer, by virtue of the Grand Deed recorded on May 28, 2015.

32. Plaintiff is informed and believes, and based thereon alleges that neither Milena nor Juan is a transferee that took for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the Transfer.

33. Plaintiff is informed and believes, and based thereon alleges that neither Milena nor Juan is an immediate or mediate good faith transferee of Milena, the initial transferee of the Transfer.

34. Upon avoidance of the Transfer, Plaintiff is entitled to recover from either Milena or Juan the property transferred or the value of the property transferred, with interest thereon at the maximum legal rate from the date of the Transfer, for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 550.

### FOURTH CLAIM FOR RELIEF

### (For Turnover of Property - 11 U.S.C. § 542)

### (Against All Defendants)

35. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1 through 34 of this Complaint as if set forth in full herein.

36. The Property constitutes property of the estate pursuant to 11 U.S.C. § 541.

37. Plaintiff is informed and believes, and based thereon alleges that that Milena and/or Juan are in possession of the Property.

38. Plaintiff is informed and believes, and based thereon alleges that equity in the Property exists that can be liquidated by the Trustee for the benefit of the creditors of the Debtor's estate.

39. The Property should be turned over to the Trustee pursuant to 11 U.S.C. § 542 so the Property may be marketed and sold for the benefit of the Debtor's creditors.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1. For a judgment avoiding the Transfer and recovering the Transfer or its value for the benefit of the Debtor's bankruptcy estate;

2. For a judgment compelling Defendants to turn over the Property to the Trustee pursuant to 11 U.S.C. § 542;

3. For costs of suit herein;

4. For reasonable attorney's fees and costs; and

5. For such other and further relief, which this Court deems just and appropriate.

DATED: July 29, 2016　　　　　　　　LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

　　　　　　　　　　　　　　　　　By: _/s/ Lindsey L. Smith_
　　　　　　　　　　　　　　　　　　　JULIET Y. OH
　　　　　　　　　　　　　　　　　　　LINDSEY L. SMITH
　　　　　　　　　　　　　　　　　　　Proposed Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　Todd A. Frealy, Chapter 7 Trustee

# EXHIBIT "A"

**FIRST AMERICAN TITLE**

| | |
|---|---|
| **RECORDING REQUESTED BY:**<br>First American Title Company<br>Order No. 3752030<br>Escrow No. 1-46210-TR<br>Parcel No. 3104-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<br>MAIL TAX BILL TO<br>AND WHEN RECORDED MAIL TO:<br><br>**MIGUEL A. PUENTE BECERRA**<br>14389 Huntridge Dr<br>Victorville, CA   92392 | Electronically Recorded in Official Records, County of San Bernardino  6/24/2011 08:00 AM  BGJ<br> **DENNIS DRAEGER**<br>ASSESSOR - RECORDER - CLERK<br>838  First American Title Company<br><br>Doc #:  **2011-0256416**   Titles: 1   Pages: 2<br>Fees       18.00<br>Taxes        .00<br>Other        .00<br>PAID       18.00 |

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# INTERSPOUSAL TRANSFER GRANT DEED
(Excluded from reappraisal under California Constitution Act 13 A 1.et.seq.)

DOCUMENTARY TRANSFER TAX $NONE ∅

This is an Interspousal Transfer and not a change in ownership under §63 of the Revenue and Taxation Code and Grantor(s) has (have) checked the applicable exclusion from reappraisal:

☐ From Joint Tenancy to Community Property
☐ From One Spouse to Both Spouses
☐ From One Spouse to the Other Spouse
☐ From Both Spouses to the Other Spouse
☐ Other:

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, GRANTOR
**Anna J. Lopez De Puente**

hereby GRANTS to **Miguel A. Puente Becerra, a Married Man as his sole and separate property**

the real property in the City of **Victorville** County of **San Bernardino**, State of California:

**Lot 261 of Tract No. 14002, in the City of Victorville, County of San Bernardino, State of California, as per map recorded in Book 240, Page(s) 95 to 112, inclusive, of Miscellaneous Maps, in the Office of the County Recorder of said County.**

IT IS THE EXPRESS INTENT OF THE GRANTOR, BEING THE SPOUSE OF THE GRANTEE TO CONVEY ALL RIGHT, TITLE, AND INTEREST OF THE GRANTOR, COMMUNITY OF OTHERWISE, IN AND TO THE HEREIN DESCRIBED PROPERTY TO THE GRANTEE AS HIS/HER SOLE AND SEPARATE PROPERTY.

Dated  June 10, 2011

_____
Anna J. Lopez De Puente

Mail Tax Statements to: SAME AS ABOVE or Address Noted Below

APN: 3104-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

STATE OF CALIFORNIA
COUNTY OF San Bernardino (WD) }S.S. }

On June 17, 2011, before me, Wendy Dahlberg, Notary Public personally appeared Anna Ana J. Lopez De Puente
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)



WENDY DAHLBERG
COMM. # 1748231
NOTARY PUBLIC-CALIFORNIA
SAN BERNARDINO COUNTY
MY COMM. EXP. JUNE 27, 2011

# EXHIBIT "B"

RECORDING REQUESTED BY

Miguel A Puente

AND WHEN RECORDED MAIL DOCUMENT AND TAX STATEMENT TO:

NAME: Milena E Puente
STREET ADDRESS: 14389 Huntridge Dr
CITY, STATE & ZIP CODE: Victorville, CA 92394-6936

Recorded in Official Records, County of San Bernardino

**DENNIS DRAEGER**
ASSESSOR — RECORDER — CLERK

P Counter

Doc#: 2014-0447576

11/21/2014
10:07 AM
CA
SAN

Titles: 1    Pages: 1
Fees        15.00
Taxes        0.00
Other        0.00
PAID        $15.00

TITLE ORDER NO.    ESCROW NO.    SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

# GRANT DEED

APN: 3104-402-45

The undersigned grantor(s) declare(s):
DOCUMENTARY TRANSFER TAX $ 0
☐ computed on full value of property conveyed, or
☒ computed on full value less liens and encumbrances remaining at time of sale.
☐ Unincorporated Area    ☒ City of Victorville

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, I (We)
Miguel A Puente, a married man
hereby remise, release and grant to
Milena E Puente, a single women, as her sole and separate property
the following described real property in the City of Victorville, County of San Bernardino
State of California, with the following legal description:

Track 14002 Lot:261 Dist:13 City: Victorville

11/20/2014
Date

*[signature]*
Signature of Grantor

Miguel A Puente
Typed or Printed Name of Grantor

_____
Signature of Grantor

_____
Typed or Printed Name of Grantor

STATE OF California

COUNTY OF San Bernardino

On November 20, 2014 before me, Thalia Guzman Gonzalez, Notary Public,
(Date)                                    (Name and title of the officer)
personally appeared Miguel A. Puente
(Name of person signing)
, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*[signature]*
Signature of officer

Thalia Guzman Gonzalez
COMM. #2035107
NOTARY PUBLIC - CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires July 29, 2017
(Seal)

MAIL TAX STATEMENT AS DIRECTED ABOVE

* There are various types of deed forms depending on each person's legal status. Before you use this form you many want to consult an attorney if you have questions concerning which document form is appropriate for your transaction.

# EXHIBIT "C"

Recorded in Official Records, County of San Bernardino
5/28/2015 3:17 PM
**BOB DUTTON**
ASSESSOR – RECORDER – CLERK
CA SAN
P Counter

**RECORDING REQUESTED BY:**

WHEN RECORDED MAIL THIS DEED AND, UNLESS OTHERWISE SHOWN BELOW, MAIL TAX STATEMENT TO:

Name: Milena E Puente
Street Address: 14389 Huntridge Dr
City State & Zip: Victorville, CA 92394-6

Title Order No.:          Escrow No.:

Doc#: 2015-0220065    Titles: 1    Pages: 2
Fees      18.00
Taxes      0.00
Other      0.00
PAID      $18.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Grant Deed

The undersigned Grantor(s) declare(s)
DOCUMENTARY TRANSFER TAX IS $ 0
☐ Computed on Full Value of the interest or property conveyed, or
☑ Computed on full value less value of liens or encumbrances remaining at time of sale,
☐ Unincorporated Area    City of _____
Parcel No.: _____

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
Milena E Puente a single women

Hereby GRANT(s) to:
Milena E Puente a Single Women and Juan P Guzman a SINGLE MAN AS JOINT TENNANTS.

The following described real property in the County of San Bernardino, State of California
LOT:261 DIST:13 CITY:VICTORVILLE TR#14002 TRACT 14002
APN:3104-402-45                                              LOT 261

Dated: 05/26/2015

STATE OF CALIFORNIA
COUNTY OF San Bernardino
On May 26, 2015 before me, Gloria Enerieth Henao Castaño Notary Public, personally appeared Milena Eliseth Puente Lopez
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/their/her authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.
Signature _____

Milena E Puente

Gloria Enerieth Henao Castano
COMM. #2062961
NOTARY PUBLIC - CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires Mar. 30, 2018

(This area for official notarial seal)

MAIL TAX STATEMENTS TO PARTY SHOWN ON FOLLOWING LINE; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE.

Name          Street Address          City & State

## ALL CAPACITY ACKNOWLEDGMENT

GRANT DEED.

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

On MAY 28, 2015 before me, SAM ASIM ANSARI, NOTARY PUBLIC.
(Date)  (Name and title of the officer)

personally appeared MILENA E. PUENTE
(Name of person signing)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of officer

SAM ASIM ANSARI
COMM. # 2033342
NOTARY PUBLIC-CALIFORNIA
SAN BERNARDINO COUNTY
MY COMM. EXP. AUG. 10, 2017

(Seal)

Rev. 01/01/2015